IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW JOSEPH SIKORA JR., | ) | 8:08CV382 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CLANDESTINE | ) | |
| ATTACKERS/ASSAILANTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 21, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on August 21, 2008, against Clandestine "Attackers/Assailants." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. However, Plaintiff generally alleges that Defendants are torturing him with "[c]omputerized [d]evices" that harm his "mind and body." (*Id.* at CM/ECF p. 2.) Specifically, Plaintiff alleges Defendants continually track, monitor and stalk him with "[s]tatic [s]hocking [d]evices" that "[r]adiate [h]eat . . . to [b]urn" Plaintiff. (*Id.* at CM/ECF p. 3.) Plaintiff also alleges Defendants control Plaintiff's mind by uploading "'[c]reated [d]reams'" and "'[s]hadow [v]isuals.'" (*Id.*) Plaintiff seeks injunctive relief in the form of a court order that directs Defendants to remove all computerized devices from Plaintiff's person. (*Id.* at CM/ECF p. 6.) Plaintiff also seeks monetary relief in the form of $6,000,000.00 in punitive damages, $4,000,000.00 in compensatory damages, and $3,000,000.00 in general damages. (*Id.*)

**II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**III.    DISCUSSION OF CLAIMS**

The court has carefully reviewed the Complaint. As set forth above, the Complaint is difficult to decipher. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible and are, at best, frivolous. In short, Plaintiff does not allege that he was deprived of a right secured by the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). In addition, Plaintiff has failed to make any allegations that identify the Defendants, making service of process impossible. Thus, even with the most liberal construction,

Plaintiff's Complaint is frivolous and does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2).

    2.    A separate judgment will be entered in accordance with this Memorandum and Order.

November 5, 2008.        BY THE COURT:

        s/ Joseph F. Bataillon
        Chief United States District Judge